[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED

NOV 20 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2020 NOV 20 PM 3: 03

CLERK
U.S. DISTRICT COURT

Elizabeth Gonzalez )
_____ )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )

v.

Janet Dhillon, Chair, United )
States Equal Employment )
Opportunity Commission )
(Name of the defendant or defendants) )

CIVIL ACTION

**1:20-cv-07121**
**Judge Virginia M. Kendall**
**Magistrate Judge Gabriel A. Fuentes**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Elizabeth Gonzalez_ of the county of _COOK_ in the state of _Illinois_.

3. The defendant is _Janet Dhillon, Chair, United States Equal Employment Opportunity Commission_, whose street address is _131 M Street, NE_,
(city) _Washington_ (county) _of Columbia District_ (state) _D.C._ (ZIP) _20507_

(Defendant's telephone number) (___) – _____

4. The plaintiff sought employment or was employed by the defendant at (street address) _500 West Madison St., Suite 2000_ (city) _Chicago_ (county) _COOK_ (state) _IL_ (ZIP code) _60661_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Case: 1:20-cv-07121 Document #: 1 Filed: 11/20/20 Page 2 of 50 PageID #:2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☑ was employed but is no longer employed by the defendant.

*2020 NOV 20 PM 3: 03*

*CLERK*
*U.S. DISTRICT COURT*

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) November , (day) 17 , (year) 2015 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check*

*one box*] ☐ *has not* filed a charge or charges against the defendant
☐ *has*

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about

(month)_____ (day)_____ (year)_____.

(ii) ☐ the Illinois Department of Human Rights, on or about

(month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

2

Case: 1:20-cv-07121 Document #: 1 Filed: 11/20/20 Page 3 of 50 PageID #:3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☑ Yes (month) _January_ (day) _7_ (year) _2016_

☐ No, did not file Complaint of Employment Discrimination

2020 NOV 20  PM 3: 04
CLERK
U.S. DISTRICT COURT

(b)   The plaintiff received a Final Agency Decision on (month) _August_
(day) _21_ (year) _2020_ .

(c)   Attached is a copy of the

(i)  Complaint of Employment Discrimination,

☑ YES   ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ YES   ☐ NO, but a copy will be filed within 14 days.

8.   *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐   the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☐   the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which

*Notice* is attached to this complaint.

9.   The defendant discriminated against the plaintiff because of the plaintiff's [*check only
those that apply*]:

(a) ☐   Age (Age Discrimination Employment Act).

(b) ☐   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

2020 NOV 20 PM 3:04
CLERK
U.S. DISTRICT COURT

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10.   If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.   Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.   The defendant [*check only those that apply*]

(a) ☐   failed to hire the plaintiff.

(b) ☑   terminated the plaintiff's employment.

(c) ☐   failed to promote the plaintiff.

(d) ☐   failed to reasonably accommodate the plaintiff's religion.

(e) ☑   failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑   failed to stop harassment;

(g) ☑   retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐   other (specify):_____

_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

2020 NOV 20 PM 3:04

CLERK
U.S. DISTRICT COURT

13.  The facts supporting the plaintiff's claim of discrimination are as follows:

On December 1, 2014; I began working
with the United States Equal Employment
Opportunity Commission as an Information
Intake Representative (IIR) at
its Chicago District Office. I was
required to serve a one-year probationary period.
" See Additional Page."

14.  **[AGE DISCRIMINATION ONLY]**  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.  The plaintiff demands that the case be tried by a jury. ☑ YES    ☐ NO

16.  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐   Direct the defendant to hire the plaintiff.

(b) ☑   Direct the defendant to re-employ the plaintiff.

(c) ☐   Direct the defendant to promote the plaintiff.

(d) ☐   Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐   Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐   Direct the defendant to (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

"Continued"

Item 13 Continued.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

2020 NOV 20 PM 3:05

CLERK
U.S. DISTRICT COURT

(g) ☑    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

*Elizabeth Gonzalez*

(Plaintiff's name)

Elizabeth Gonzalez

(Plaintiff's street address)

5944 South Tripp Avenue

(City) Chicago    (State) IL    (ZIP) 60629

(Plaintiff's telephone number) (312) - 788 - 4519

Date: 11/19/2020

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## COMPLAINANT AFFIDAVIT

Date: January 7, 2016

Re: Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission

---

1. My name is Elizabeth Gonzalez.

2. My address is 5944 South Tripp Avenue, Chicago, Illinois 60629.

3. My phone number is (312) 788-4519 (cell).

4. From December 1, 2014 to November 25, 2015 I worked full time as an Information Intake Representative (IIR) Bilingual/Spanish, GS 1802-05 at the U.S. Equal Employment Opportunity Commission located at 500 West Madison Avenue, Suite 2000, Chicago, Illinois 60661. I reported to my first-line supervisor, Tyrone Irvin.

5. From December 1, 2014 to November 25, 2015 I worked full time as an IIR in the Information Intake Group, starting at 8:30 AM and ending at 6:00 PM at the EEOC Chicago District Office, 500 W. Madison Ave., Chicago, IL 60661 and performed the following tasks among others: received and responded to telephone calls from individuals and/or their representatives seeking information regarding employment discrimination, the laws enforced by EEOC, and the charge filing process; determine the allegations of whether EEOC or some other organization has jurisdiction; conduct pre-charge counseling and send out intake questionnaire to the potential charging party and enter specified information into designated data bases. I reported to my first-line supervisor, Tyrone Irvin.

6. I have no disciplinary records for my entire employment with the US Equal Employment Opportunity Commission nor given a warning or counseled.

7. From December 1, 2014 through November 25, 2015 I was performing at a satisfactory level.

8. On February 3, 2015 at 11:34 PM I went to the emergency room at Holy Cross Hospital due to suicidal ideation and major depression regarding a domestic violence situation I was involved with my 22-year-old son. On February 4, 2015 I texted my first-line supervisor, Tyrone Irvin at (708) 800-0505 and informed him that I was in the hospital. I was discharged on February 4, 2015 around 3:00 AM. I went to work on February 4, 2015 at 8:00 AM.

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 2 of 9

9. On February 12, 2015 and February 17, 2015 I took sick leave. On March 30, 2015 and March 31, 2015 I took annual leave. The total leave balance as of March 31, 2015 was: annual leave 14:30 and sick leave 20:00.

10. On April 30, 2015 I had a total of on/or around 687 calls for the month of April. I over exceeded expectations. I demonstrated the ability to perform the essential functions of my position as an Information Intake Representative (IIR.)

11. On May 28, 2015, again, I sent Mr. Tyrone Irvin a text message to his cell phone number (708) 800-0505. I updated and informed Mr. Tyrone Irvin that I was still experiencing major depression and still in a domestic violence situation with my 22-year-old son. I also requested that we meet upon my return to work on June 1, 2015.

12. On June 1, 2015 I went to Mr. Irvin's office to talk about the domestic violence situation I was in and regarding my depression. I informed Mr. Tyrone Irvin that I have been in therapy since 10/24/2014. I also informed Mr. Tyrone Irvin that I was applying for jobs and looking to relocate in the Baltimore, Maryland and Washington, D.C. area to remove myself from the domestic violence situation I was in. During our discussion, I verbally requested and asked Mr. Tyrone Irvin to provide me with a reasonable accommodation by granting me intermittent leave as well as taking leave without pay until I get my health under control as well as the domestic violence situation at home with my 22-year-old. Mr. Tyrone Irvin informed me that he would continue to approve my leave as well as taking leave without pay. Mr. Tyrone Irvin informed me that I shouldn't worry about my leave or current situation since there are laws that would protect me. Mr. Tyrone Irvin also informed me that Ms. Julianne Bowman wanted to speak with me regarding my domestic violence situation and my depression.

13. On June 22, 2015 I had a panel phone interview with management from the FAA in Washington, D.C. Ms. Angela Hayes coordinated the phone interview and was my point of contact. I was seeking to get away from my domestic violence situation with my 22-year-old son and was desperate to relocate.

14. On Friday, July 24, 2015 I sent Mr. Tyrone Irvin a text message to his cell phone (708) 800-0505 and again, wanted to give him an update on my current home situation regarding the domestic violence and my major depression. I requested and asked Mr. Tyrone Irvin if we could meet upon my return to work in a private area (such as a conference room) to get privacy to discuss my home situation and my health. I also told Mr. Tyrone Irvin in good faith that I needed some advice from him because I didn't know what to do with my situation. I also stated that I had a phone interview with the FAA in Washington, D.C. Mr. Tyrone Irvin agreed to meet with me upon my return to work.

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 3 of 9

15. On Monday, July 27, 2015, Tuesday, July 28, 2015, Wednesday, July 29, 2015, Thursday, July 30, 2015 I took leave without pay and Mr. Tyrone Irvin approved it.

16. On/or around the first week of August 2015 I requested to meet with Mr. Tyrone Irvin regarding my domestic violence situation with my 22-year-old son and my disabilities. Mr. Tyrone Irvin asked me where my son's father was and why doesn't he go live with his father? I told him that I was a single mother and his father doesn't give me moral support and he doesn't want my son living with him. My ex-boyfriend doesn't want to deal with my son's problems. Mr. Tyrone Irvin suggested that I kick my son out the house and call the police on my son. I told Mr. Irvin that I didn't want my son going to jail and he does not have anywhere to stay. I was very emotional as usual and Mr. Tyrone Irvin opened up to me and told me that he was also in a domestic violence situation when he was in the military but that he was the abuser with his wife. During our discussion I informed Mr. Tyrone Irvin that I was flying out to Baltimore, Maryland on August 25, 2015 and returning August 29, 2015 to take my 18-year-old son to college. I also requested leave without pay during this trip. Mr. Tyrone Irvin approved the leave without pay. Again, Mr. Tyrone Irvin informed me that I shouldn't worry about my leave or current situation since there are laws that would protect me.

17. On August 30, 2015 I called Ms. Lois Kenyon-Severson, LCSW, BCD, MAC, SAP, CEAP at (312) 353-5468 with the Employee Assistance and work /Life Programs and left her a very specific detailed voicemail message requesting counseling for my son and I regarding the domestic violence situation at home. From August 30, 2015 through November 25, 2015 I never received a call back from Ms. Lois Kenyon-Severson.

18. During the last week of October 2015 Mr. Tyrone Irvin came into my office (which I shared with IIR, Mr. Kenneth Jones) and asked Mr. Kenneth Jones and I to sign our Employee Performance Appraisal Record. Mr. Tyrone Irvin came into our office abruptly without notice. I was very busy and on a telephone call with a potential charging party. I had to put the caller on mute. Mr. Tyrone Irvin told me to sign the Employee Performance Appraisal Record and informed me that was the 2016 expectations. Mr. Tyrone Irvin informed me and Mr. Kenneth Jones that he would return and bring us a copy of our signed Employee Performance Appraisal Record. I resigned on November 25, 2015 and Mr. Tyrone Irvin never gave me a copy of my Employee Performance Appraisal Record. On January 5, 2016 I requested a copy of the October 2015 Employee Performance Appraisal Record to Mr. James Taylor, Human Resource Specialist (Performance Management) at (202) 663-4339 and email james.taylor@eeoc.gov.



Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 4 of 9

19. On November 5, 2015 I got very sick at work. My hands, legs, and jaw was shaking really bad. I felt extremely dizzy and felt like I was going to faint. It appeared as if I was having a seizure. Mr. Tyrone Irvin called the Fire Dept./Paramedics. Meanwhile, I was taken to the Director's Conference Room in which some EEOC staff members and management were present; Mr. Tyrone Irvin, Ms. Patricia Jaramillo, Yolanda Parks and Earlene Donley-El. Upon arrival; a fireman took my vitals. My vitals were very high and Mr. Tyrone Irvin wrote down my vitals. The EEOC staff members and management did not give me privacy as the fireman asked for my health history and took my vitals. I was immediately taken to the emergency room at Rush University Medical Center.

20. On November 17, 2015, Enforcement Manager, Patricia Jaramillo (not in my line of command) came into my office and stated she wanted to speak with me in her office. Ms. Patricia Jaramillo quickly started to question my health related to the November 5, 2015 incident when I got very sick at work and was taken to the hospital. Ms. Patricia Jaramillo asked me if my job was making me sick, if it causes me migraine headaches, anxiety and depression? I responded and said, "no." Ms. Patricia Jaramillo asked me if I called in sick and take leave without pay because my job makes me sick? I responded and said, "no." Ms. Patricia Jaramillo also asked me if I called in sick and take leave without pay because I didn't want to come to work? I responded and said, "no." Ms. Patricia Jaramillo asked me why do I call in sick and take leave without pay? I told Ms. Patricia Jaramillo that I have been in communication with Mr. Tyrone Irvin and I have informed Mr. Tyrone Irvin of my disabilities and the domestic violence situation I was in with my 22-year-old son. Mr. Tyrone Irvin has approved my leave. This was a very uncomfortable conversation; it was unexpected and I never held a conversation with Ms. Patricia Jaramillo since my employment with the EEOC. Ms. Patricia Jaramillo used intimidating tactics and asked me many questions that were confusing and also emphasized that I was still on probation (my start date was December 1, 2014.) During my discussion with Patricia Jaramillo on November 17, 2015; I verbally requested a reasonable accommodation and asked Ms. Patricia Jaramillo if I could telework. Ms. Patricia Jaramillo asked me what about your son, he lives with you? I responded and informed her that my son moved out the house a couple of weeks ago. Ms. Patricia Jaramillo then asked me, aren't you still going to get anxiety, migraine headaches and depression even if you're home? I told Ms. Patricia Jaramillo that I don't have control over my disabilities and I don't have control as to when I'll get sick. Ms. Patricia Jaramillo quickly responded without hesitation and stated, I could not work from home; that's not possible and that's not an option. Ms. Patricia Jaramillo asked me if I would take part-time? I responded and told her that I would prefer to remain full-time; I told her that I'm a single mother and my younger son just went away to college and I couldn't afford to go part-time but that I would accept part-time rather than being terminated. I agreed to part-time. Ms. Patricia Jaramillo said, "you already take leave without pay, so what's the difference?" I strongly



Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 5 of 9

believe this was an interrogation interview regarding my health and disabilities. I was detrimentally affected during this conversation and by the disparate treatment; loss of sleep, anxiety attack, depression, fear, loss of enjoyment of life and no longer able to enjoy my family.

21. On November 18, 2015 I was so sick from anxiety and depression; I could not get out of bed. I called in and took a leave without pay.

22. On November 18, 2015 I called EEO Counselor, Ms. Sandra Adams at (202) 663-4664 to file an informal complaint of discrimination based on my national origin (Mexican), sex (female, single mother, domestic violence situation), my disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus), denied reasonable accommodation against the EEOC Chicago District Office. Ms. Sandra Adams scheduled a phone interview for November 23, 2015.

23. On November 20, 2015 I sent Mr. Patrick DeWolf, second in command (Information Intake Group) an e-mail regarding the incident that took place on November 17, 2015 with Ms. Patricia Jaramillo regarding my disabilities and reasonable accommodation. Mr. Patrick DeWolf did not respond to my e-mail.

24. On November 20, 2015 I had a meeting with union steward, Ms. Kimberly Engram and union representative, Mr. Jose Romo. I stated that I was being discriminated based on my national origin (Mexican), sex (female, single mother, domestic violence situation), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus), denied reasonable accommodation. I informed Ms. Kimberly Engram and Mr. Jose Romo that on November 18, 2015, I contacted Ms. Sandra Adams, EEO Counselor from the Office of Equal Opportunity to file an informal complaint of discrimination and have a scheduled phone interview for November 23, 2015 with Ms. Sandra Adams. Both union representatives told management of my EEO activities.

25. On November 20, 2015 I was called into a meeting by Ms. Patricia Jaramillo and Mr. Tyrone Irvin. I told Ms. Kimberly Engram that I needed union representation and I wanted Ms. Engram to be present during the meeting. During the meeting, Ms. Kimberly Engram informed Ms. Patricia Jaramillo and Mr. Tyrone Irvin that I have some disabilities and I need a reasonable accommodation. Ms. Patricia Jaramillo stated they have not made a determination whether they would retain me before my probationary period is over on December 1, 2015 but that I can still request a reasonable accommodation in writing and contact the ADA Coordinator in Headquarters to get the paperwork started. Ms. Kimberly Engram asked Ms. Patricia Jaramillo and Mr. Tyrone Irvin; when will they determine whether they will retain me? Ms. Patricia Jaramillo stated they did not know.

E. D.

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 6 of 9

26. On November 20, 2015 after the meeting with management; I immediately contacted Mr. Rodney Yelder, Disability Program Manager (202) 663-7042 and e-mailed him the "Confirmation of Request for Reasonable Accommodation." I also informed Mr. Rodney Yelder that I would submit the medical support as soon as possible.

27. On November 20, 2015 after the meeting with union steward, Ms. Kimberly Engram, Mr. Tyrone Irvin and Ms. Patricia Jaramillo; Ms. Kimberly Engram came into my office and stated that Ms. Patricia Jaramillo stated to Ms. Kimberly Engram and confirmed that Ms. Patricia Jaramillo made a decision to demote me to part-time rather than to terminate my employment. I agreed to that arrangement since they denied me a reasonable accommodation to telework. Ms. Kimberly Engram advised me to hold off on filing the informal EEO complaint since Ms. Patricia Jaramillo stated she will demote me to part-time. Ms. Kimberly Engram stated that she knows how management is and they will retaliate against me if I filed a complaint. Ms. Kimberly Engram also stated that part-time is better than no job and I can work my way up to full-time. I agreed. I was afraid of losing my job and therefore, I sent Ms. Sandra Adams

28. On November 23, 2015 I sent Ms. Sandra Adams an e-mail and stated that I wanted to hold off on the complaint for now.

29. On November 25, 2015, Mr. Tyrone Irvin came into my office while I was out to lunch and left a note on my computer stating "Patricia and I need to see you her office at 1:30 TI (Tyrone Irvin's initials.) I came back from lunch at 1:00 p.m. I quickly went to look for the union steward, Ms. Kimberly Engram, she was out of the office. I went to look and located union representative, Mr. Jose Romo. Mr. Jose Romo and I went to Ms. Patricia Jaramillo's office and we met with Ms. Patricia Jaramillo and Mr. Tyrone Irvin at 1:30 p.m. Mr. Tyrone Irvin stated they made a decision not to retain me and I was being terminated effective close of business on November 30, 2015. At that point, I realized they discriminated against me and violated The Title VII of Civil Rights Act of 1964 and Americans with Disabilities Act of 1990/Rehabilitation Act of 1973, as amended, 29 U.S.C. 706; 791 et seq. I immediately resigned effective November 25, 2015 and issued management my resignation letter.

30. On November 27, 2015 I contacted Ms. Sandra Adams, EEO Counselor from the Office of Equal Opportunity to file an informal complaint of discrimination.

31. I requested the following reasonable accommodation: "request that I be allowed to work at home (telework) on those days that I cannot get my depression or vertigo under control and have to stay home and intermittent FMLA leave" and

E. D

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 7 of 9

"part-time or modified work schedule" on the following dates: November 17, 2015, November 20, 2015 and November 25, 2015.

32. During my employment with the EEOC Chicago District Office from December 1, 2014 through November 25, 2015: management has provided reasonable accommodations to NON-MEXICAN, Information Intake Representatives GS 1802-05, including my co-worker Mr. Kenneth Jones (Black race) who started the same day as I did on December 1, 2014.

Responsible Management Officials hired the following Information Intake Representatives (IIRs) GS 1802-05 as full-time teleworkers:
- Christy Bailey, Chicago District Office (Non-Mexican)
- Nicholas Boren (Non-Mexican)
- Nydia Washington (Non-Mexican)
- Susan Brewer, Chicago District Office (Non-Mexican)
- Tamara Turner (Non-Mexican)

33. On December 8, 2015 I filed an informal discrimination complaint (via fax 202-663-7003) with the Office of Equal Opportunity, EEO Counselor, Ms. Sandra Adams claiming discrimination based on my national origin (Mexican), sex (female, single mother, domestic violence situation), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus), denied reasonable accommodation and reprisal for prior EEO activities. **It took several days for Ms. Sandra Adams to return my telephone calls/e-mails and she advised me NOT to fax the OEO Contact Form until she was in the office as she teleworks.

34. On January 8, 2016 I received a Bill For Collection from the United States Department of the Interior regarding a pay adjustment. The debt is a result of a time sheet correction submitted by the EEOC Chicago District Office. The EEOC Chicago District Office is charging me $236.49. Mr. Tyrone Irvin approved the time sheet. Responsible Management Officials, including Mr. Tyrone Irvin should have taken immediate action to correct the time sheet when I resigned (constructive discharge) on November 25, 2015. I consider this a form of retaliation due to my EEO activities.

I want to file a formal complaint of discrimination based on my national origin (Mexican), sex (female, single mother, domestic violence situation), my disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus), denied reasonable accommodation and reprisal for prior EEO activities (On November 20, 2015 I informed union steward, Ms. Kimberly Engram and union representative, Mr. Jose Romo. I informed them both that on November 18, 2015, I contacted Ms. Sandra Adams, EEO Counselor from the Office of Equal Opportunity to file an informal complaint of discrimination and had a scheduled

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 8 of 9

phone interview for November 23, 2015 with Ms. Sandra Adams. Both union representatives told management of my EEO activities.) I was discriminated and retaliated against when:

35. On November 25, 2015, I was punished and given a termination letter by Mr. Tyrone Irvin for work missed during leave taken as a reasonable accommodation approved by Mr. Tyrone Irvin beginning February 12, 2015 through November 17, 2015. To punish me would make the leave an ineffective accommodation; making Mr. Tyrone Irvin liable for failing to provide a reasonable accommodation.

36. On November 25, 2015, I was discriminated based on my disabilities (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus) and denied reasonable accommodation. After I became severely ill at work on November 5, 2015. Responsible Management Officials denied me a reasonable accommodation; my request "to work at home (telework) on those days that I could not get my depression or vertigo under control and had to stay home and intermittent FMLA leave and part-time or modified work schedule." I requested a reasonable accommodation on November 17, 2015, November 20, 2015 and November 25, 2015.

37. On November 25, 2015, I was forced to resign due to discrimination, severe disparate treatment and reprisal. On November 17, 2015, November 20, 2015 and November 25, 2015; Ms. Patricia Jaramillo, Mr. Tyrone Irvin and Ms. Julianne Bowman created an intolerable working condition and hostile work environment for me at the EEOC Chicago District Office, so difficult and intolerable that my anxiety and depression escalated as a result of this and I was unable to control my disabilities and unable to get out of bed to care for myself. The discrimination, adverse treatment and reprisal was so severe that I had no choice but to resign. Prior to Mr. Tyrone Irvin issuing me the termination letter on November 25, 2015; Responsible Management Officials, including Mr. Tyrone Irvin, knew about my protected activities and DID NOTHING TO CORRECT THESE CONDITIONS. Responsible Management Officials failed to take immediate and appropriate corrective action to prevent discrimination. I was discriminated and constructively discharged based on my national origin (Mexican), sex (female, single mother, domestic violence situation), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus), denied reasonable accommodation and reprisal for prior EEO activities. The EEOC Chicago District Office, Responsible Management Officials continue to place a burden on a taxed system and fail to provide the best service to the stakeholders the EEOC serves.

Based on the foregoing, I allege that the Agency discriminated against me based on my national origin (Mexican), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus), sex (female, single mother,

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 9 of 9

domestic violence situation), denied reasonable accommodation and in retaliation for my prior EEO activities in violation of The Title VII of Civil Rights Act of 1964 and Americans with Disabilities Act of 1990/Rehabilitation Act of 1973, as amended, 29 U.S.C. 706; 791 et seq.

---

## DECLARATION

I, the undersigned, declare under penalty of perjury that the statements made in the above affidavit are true and correct to the best of my knowledge, information, and belief.

_Elizabeth Gonzalez_     _01/07/2016_
Elizabeth Gonzalez            Date

## EEOC Acknowledgement Letter to COMPLAINANT-Type: 01 Case: 2019003329

**U.S. Equal Employment Opportunity Commission** <noreply@eeoc.gov>
Mon 5/13/2019 1:31 PM

**To:** elizabeth_gonz2@hotmail.com <elizabeth_gonz2@hotmail.com>

📎 1 attachments (186 KB)
eeoc_color_seal1918126677991250488eeoc_color_seal;



**U.S. Equal Employment Opportunity Commission**
**Office of Federal Operations**

May 13, 2019

Elizabeth Gonzalez
5944 South Tripp Ave
Chicago, IL 60629
USA

Dear Elizabeth Gonzalez:

Thank you for filing an appeal with the EEOC Office of Federal Operations (OFO). We have received your May 09, 2019 appeal against the Equal Employment Opportunity Commission. The routing number associated with your appeal is: 2019003329. Please reference this routing number whenever you submit documents or correspond with OFO in the future.

**Next Steps**

1.  You may submit a statement in support of your appeal, if you have not already done so (this step is optional).

    Generally, you may submit a supporting statement by June 08, 2019. But there is an exception: if you asked us to review a decision by the U.S. Merit Systems Protection Board (MSPB), you needed to submit your supporting statement at the same time you requested us to review the MSPB's decision.

    The most popular ways to send a statement in support of an appeal (except a petition to review a MSPB decision) are:

    •   EEOC Complainant Portal. You can log in to the EEOC Complainant Portal, select the appeal with the appropriate routing number, and electronically submit your statement. The EEOC Complainant Portal will then automatically serve your supporting statement to the agency.

Page 2 of 3

- Mail. You can mail your statement to: Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013. We will use the postmarked date as the filing date for your statement. If you mail us your supporting statement, you must also mail and serve the Agency with a copy of your statement.

If you need more time to send us your statement, you can ask for more time by logging in to the EEOC Complainant Portal and electronically submit a request for an extension. Your extension request must be electronically submitted before June 08, 2019. In your request, you should describe why you need more time. You can also ask for more time by emailing ofo.extensions@eeoc.gov. Again, your email request must be sent before June 08, 2019.

2. The Agency may submit a statement in opposition to your appeal (this step is optional).

   The Agency has the option of submitting a statement in opposition to your appeal. If the Agency decides to send a statement, it must do so within 30 days from the day the Agency received your statement in support of your appeal, or if you did not file a brief, within 60 days of the agency's notice of your appeal. Using your EEOC Complainant Portal account, you will be able to log in and see the Agency's statement in opposition to your appeal.

3. The Agency will upload the Report of Investigation, case file, and hearing record (if a hearing was held) to OFO. This documentation will also be available for you to see using your EEOC Complainant Portal account.

4. Your appeal will be assigned to an OFO attorney to review and draft a decision.

5. The EEOC Office of Federal Operations will send you a decision on your appeal.

   OFO will send you the appellate decision by first class mail. After mailing the decision, OFO will upload a copy of that decision to the Complainant Portal for you to view. To preserve your anonymity, our decision will have a random pseudonym (fictitious name) listed in the caption under your real name. The published decision will only use the pseudonym - not your real name. But if you prefer that OFO publish the decision under your real name, you may notify OFO via the EEOC Complainant Portal.

**Things to do while you wait for a decision**

1. Please update OFO on changes to your contact information.

   If you change your contact information, such as your name or mailing address, please log in to the EEOC Complainant Portal to update OFO on your changes, so we can ensure that you will receive our appellate decision.

2. Please let OFO know if you choose to opt out of the administrative appellate process by filing a civil action.

   Generally, for most types of pending appeals, you can opt out of the administrative appellate process and file a lawsuit in court, if OFO does not issue an appellate decision within 180 days from the day you filed your appeal. Because filing a civil action terminates EEOC processing of your appeal, please let us know when you do file a civil action so we can administratively close your appeal. You can let us know by logging in to the EEOC Complainant Portal and uploading a document, saying that you have filed a lawsuit in court and wish to opt out of the federal sector administrative process. You will then receive a confirmation letter that your administrative appeal is closed.

**Helpful Resources**

- EEOC Management Directive 110, Chapters 9 and 10: https://www.eeoc.gov/federal/directives/md110.cfm.

- The Commission's appellate regulations are found in Title 29 of the Code of Federal Regulations at Part 1614, or on the web at https://www.gpo.gov/fdsys/pkg/CFR-2014-title29-vol4/xml/CFR-2014-title29-vol4-part1614.xml. We urge you to review these regulations.

If you have questions about the processing of your appeal, please call the EEOC Call Center at 1-800-669-4000, or write OFO's Officer of the Day at [ofo.eeoc@eeoc.gov] ofo.eeoc@eeoc.gov.

Sincerely,

Compliance and Control Division
Office of Federal Operations

*This email serves as EEOC's official notification for, and acknowledgment of EEOC 01 No. 2019003329. Please do not reply to this email.*

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at digital-support@eeoc.gov and destroy all copies of the original message and attachments.*

# CBP - Background Investigation

Fri 4/6/2018 12:02 PM

To:Harold.Sneath@adcinv.com <Harold.Sneath@adcinv.com>;

2 attachments (269 KB)

CBP - Supporting Documents.pdf; CBP - Supporting Documents.pdf;

Dear Mr. Sneath:

Attached are the supporting documents related to my start date with the U.S. Equal Employment Opportunity Commission.

I attached information regarding an intern position that I applied for but I was not hired for the position. I don't understand why they would say that I started in June as an intern when my personnel file clearly shows December 1, 2014 and the jobs that I applied to are not contained in my personnel file so I don't even know how they would get that information. Everything seems very strange.

I also attached my dog, Bella's veterinary discharge paperwork to support my request to have the interview at my house. Bella was having complications (her incision was bleeding a lot) after surgery due to her amputated limb/leg and I had to take her back to the veterinary hospital. I had to keep a close watch on her because she kept breaking out of her cage and the doctor advised me that she needed to stay in a confined space. I was afraid and anxious that she would get out of the cage and hurt herself. Bella serves as my emotional support dog for my disabilities, which includes anxiety and post traumatic stress disorder. I really appreciate you providing a reasonable accommodation and conducting the interview at my house.

Thank you and have a great day.

Very Truly Yours,
Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
(312)788-4519



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
Intake Information Group: (800) 669-4000
Intake Information Group: (800) 669-6820
Chicago Direct Dial: (312) 353-2713
Chicago TTY: (312) 353-2421
Administration Fax: (312) 353-4041
Enforcement/File Disclosure Fax: (312) 886-1168
Federal Sector Fax: (312) 886-5391
Legal Fax: (312) 353-8555
Mediation Fax: (312) 353-6676

November 24, 2014

Elizabeth Gonzalez
E-mail: JAKE_MAT97@HOTMAIL.com

Dear Elizabeth,

Congratulations on your selection and appointment to the position of Information Intake Representative (IIR) Bilingual/Spanish (GS 1802, Grade 5, Step 1) with an annual salary of $34,659. This is a Career Conditional appointment, which carries a one-year probationary period. Your duty station is the EEOC's Chicago District Office, located at 500 West Madison Street, Suite 2000, Chicago, IL. I am delighted you are joining our Chicago staff. Your role will be critical to fulfilling the mission of our Agency and the Chicago District Office.

Your appointment to this position is effective December 1, 2014, and is subject to the satisfactory completion of a background investigation, which began with your completion of the *Declaration of Federal Employment, OF 306.*

On Monday, December 1, orientation will begin at 9 a.m. Please check in with the building receptionist on Level 3. You will be issued a temporary badge granting you access to our office. When you arrive on the 20th floor, please ask the EEOC receptionist for Debra. Remember to bring a photo ID or driver's license and original social security card or birth certificate. Alternatively, you may bring your U.S. Passport.

The following links and accompanying document may be helpful in describing your federal benefits. Please review as soon as you can, as these benefits will be discussed during your orientation.

http://www.opm.gov/healthcare-insurance/healthcare/
http://www.opm.gov/healthcare-insurance/
https://www.tsp.gov/index.shtml
http://www.opm.gov/retirement-services/fers-information/

The EEOC team is here to support your transition. Although you will be assigned a "buddy" or "mentor," please know we are all here to assist you as you begin your employment with the EEOC. We look forward to welcoming you and are pleased that you have selected the EEOC as your employer.

Sincerely,

*Julianne Bowman*

Julianne Bowman
District Director (Acting)

JB/dws

Attachment (1) – "Know Your EEOC"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507
**OFFICE OF EQUAL OPPORTUNITY**

**2020 NOV 20 PM 3: 2 1**
December 14, 2018
CLERK
U.S. DISTRICT COURT

Email: elizabeth_gonz2@hotmail.com

Ms. Elizabeth Gonzalez
5944 S. Tripp Avenue
Chicago, IL 60629

RE:     EEO Case No. 2019-0012

Dear Ms. Gonzalez:

The purpose of this letter is to confirm your initial contact with the Office of Equal Opportunity (OEO) on November 16, 2018, requesting that EEO counseling be initiated on employment matters which you believe were based on discrimination. Your case has been assigned the above-referenced EEO Case Number. Please use this number in all future correspondence regarding this matter.

I have been assigned to provide you with pre-complaint counseling. On November 28, 2018, I conducted the Initial Interview with you.

You alleged that you have been subjected to discrimination on the basis of reprisal (prior EEO complaint), with respect to the following:

1. The Agency mishandled your FOIA requests.

    a. Chicago District Office (CHIDO) Director Julianne Bowman has changed the terms and conditions under which you are to make FOIA requests.

    b. The Agency has charged you a really high fee to process your FOIA requests.

    c. The Agency has provided you with false information, such as the information which you are requesting is available on the Agency's website, which it is not

2. In October 2018, your most recent FOIA request was denied.

During the Initial Interview, I asked you if you were represented in this matter. You indicated that you **are not** represented at this time.

2020 NOV 20 PM 3: 21

CLERK
U.S. DISTRICT COURT

November 20, 2015

**Attention: Mr. Rodney Yelder**

**Fax: (202) 663-4324**

**From: Elizabeth Gonzalez**

**Telephone: (312)788-4519**

Dear Mr. Rodney,

Attached is my request to begin the process regarding the reasonable accommodation. I will forward you the medical documentation and support as soon as possible.

Please feel free to contact me should you have any questions at (312)788-4519.

Gonzalez 2016-0014 00231

2020 NOV 20 PM 3:21

# CONFIRMATION OF REQUEST
## FOR REASONABLE ACCOMMODATION

**1.**

Elizabeth Gonzalez

**Applicant's or Employee's Name**

(312) 788-4519

**Applicant's or Employee's Telephone Number**

Date of Request 11/20/2015

Chicago District Office

**Employee's Office**

**2.**

Tyrone Irvin

**Supervisor's Name**

(312) 869-8020

**Supervisor's Telephone Number**

**3. TYPE OF ACCOMMODATION REQUESTED, IF KNOWN.** *(Be as specific as possible, e.g., assistive technology, reader, interpreter, schedule change)*

Modifying work schedule, providing telework and intermittent leave.

**4. REASON FOR REQUEST.**

Medical health issues; I will forward medical documentation and support as soon as possible.

**4. (Disability Program Manager will assign number)**

Log No.: _____

**Privacy Act Statement**

The Rehabilitation Act of 1973, 29 U.S.C. section 791, and Executive Order 13164 authorize collection of this information. The primary use of this information is to consider, decide, and implement requests for reasonable accommodation. Additional disclosures of the information may be: To medical personnel to meet a bona fide medical emergency, to another Federal agency, a court, or a party in litigation before a court or in an administrative proceeding being conducted by a Federal agency when the Government is a party to the judicial or administrative proceeding, to a congressional office from the record of an individual in response to an inquiry from the congressional office made at the request of the individual, and to an authorized appeal grievance examiner, formal complaints examiner, administrative judge, equal employment opportunity investigator, arbitrator or other duly authorized official engaged in investigation or settlement of a grievance, complaint or appeal filed by an employee.

EEOC Form 557 (Revised 10/2011) PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE, AND MUST NOT BE USED)

Gonzalez 2016-0014 00232

Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation

Reset  Print

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

Employee: Please complete all boxes 1 - 15 below. Do not complete shaded areas.
Witness: Complete bottom section 16.
Employing Agency (Supervisor or Compensation Special 2020 NOV 20 PM 3:20 d boxes a, b, and c.

**CLERK**
**U.S. DISTRICT COURT**

### Employee Data

| 1 Name of employee (Last, First, Middle) | | 2. Social Security Number |
|---|---|---|
| Gonzalez                Elizabeth | | |

| 3. Date of birth  Mo. Day  Yr. | 4. Sex | 5. Home telephone | 6. Grade as of date of injury |
|---|---|---|---|
| 01 07 1975 | Male ✓ Female | (312)788-4519 | Level 5    Step 1 |

| 7. Employee's home mailing address (Include city, state, and ZIP code) | 8. Dependents |
|---|---|
| 5944 South Tripp | Wife, Husband |
| Chicago                                IL          60629 | ✓ Children under 18 years<br>Other |

### Description of Injury

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine)

Falafal Restaurant, 2 North Riverside Plaza, 2nd Floor, Chicago, IL 60661

| 10. Date injury occurred  Mo. Day  Yr. | Time | | 11. Date of this notice  Mo. Day  Yr. | 12 Employee's occupation |
|---|---|---|---|---|
| 11.05 2015 | 01:00 | a.m.<br>✓ p.m. | 11.05 2015 | Information Intake Representative |

13. Cause of injury (Describe what happened and why)

Employee reported to co-worker that she was dizzy and weak after returning from lunch and could not explain what was causing it.

| 14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg) | a. Occupation code |
|---|---|
| | b. Type code    c. Source code |
| Dizziness, weakness, trembling and shaking of the lower jaw. | OWCP Use - NOI Code |

### Employee Signature

15. I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

   a. Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584

   b. Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

Signature of employee or person acting on his/her behalf _____    Date

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both

Have your supervisor complete the receipt attached to this form and return it to you for your records.

### Witness Statement

16. Statement of witness (Describe what you saw, heard, or know about this injury)

While at our work station Elizabeth began crying and she complained that she was not feeling well. She informed me that she was weak and experiencing dizziness. I alerted the Supervisor Tyrone Irvin, who in turn instructed a staff member to call for an ambulance.

| Kenneth Jones | (b)(6) | 5 Nov 2015 |
|---|---|---|
| Name of witness | Signature of witness | Date signed |

| Address | (b)(6) | |
|---|---|---|

Redacted signature, address, city/state and zip code of witness.

Official Supervisor's Report: Please complete information requested below:

**Supervisor's Report**

| 17. Agency name and address of reporting office (include city, state, and zip code) | | | OWCP Agency Code |
|---|---|---|---|
| U. S. Equal Employment Opportunity Commission | | | |

| 500 West Madison, Suite 2000 | 2020 NOV 20 PM 3: 21 | OSHA Site Code |
|---|---|---|

| Chicago | CLERK | ZIP Code 60661 |
|---|---|---|

| 18. Employee's duty station (Street address and ZIP code) | U.S. DISTRICT COURT | | |
|---|---|---|---|
| 500 West Madison, Suite 2000 | Chicago | IL | 60661 |

| 19. Employee's retirement coverage | CSRS ✓ FERS | Other, (identify) |
|---|---|---|

| 20. Regular work hours From 08:30 a.m. p.m. To 05:00 a.m. ✓ p.m. | | 21. Regular work schedule | Sun. ✓ Mon. ✓ Tues ✓ Wed. ✓ Thurs. ✓ Fri. Sat. |
|---|---|---|---|

| 22. Date of Injury Mo. Day Yr. 11/05/2015 | 23. Date notice received Mo. Day Yr. 11/05/2015 | 24. Date stopped work Mo. Day Yr. 11/05/2015 Time: 02:00 a.m. ✓ p.m. |
|---|---|---|

| 25. Date pay stopped Mo. Day Yr. | 26. Date 45 day period began Mo. Day Yr. | 27. Date returned to work Mo. Day Yr. Time: a.m. p.m. |
|---|---|---|

28. Was employee injured in performance of duty? Yes ✓ No (If "No," explain)

Employee turned ill while at lunch. Unable to ascertain the cause of illness at this time.

29. Was injury caused by employee's willful misconduct, intoxication, or intent to injure self or another? Yes (If "Yes," explain) ✓ No

| 30. Was injury caused by third party? Yes ✓ No (If "No," go to item 32.) | 31. Name and address of third party (Include city, state, and ZIP code) |
|---|---|

| 32. Name and address of physician first providing medical care (Include city, state, ZIP code) Rush Hospital | 33. First date medical care received Mo. Day Yr 11/05/2015 |
|---|---|
| 1653 West Congress Pkwy | 34. Do medical reports show employee is disabled for work? Yes No |
| Chicago IL 60612 | |

35. Does your knowledge of the facts about this injury agree with statements of the employee and/or witnesses? ✓ Yes No (If "No," explain)

| 36. If the employing agency controverts continuation of pay, state the reason in detail | 37. Pay rate when employee stopped work $ 16.77 Per Hour |
|---|---|

**Signature of Supervisor and Filing Instructions**

38. A supervisor who knowingly certifies to any false statement, misrepresentation, concealment of fact, etc., in respect of this claim may also be subject to appropriate felony criminal prosecution.

I certify that the information given above and that furnished by the employee on the reverse of this form is true to the best of my knowledge with the following exception

| Name of supervisor (Type or print) Tyrone Irvin | | |
|---|---|---|
| Signature of supervisor | Date 11/5/2015 | |
| Supervisor's title Supervisory Investigator | Office phone (312) 869-8020 | |

39. Filing instructions    No lost time and no medical expense: Place this form in employee's medical folder (SF-66-D)
No lost time, medical expense incurred or expected: forward this form to OWCP
Lost time covered by leave, OWCP or COP: forward this form to OWCP
(list of instructions)

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption Codes Used:**   2020 NOV 20  PM 3: 21

**(b)(6), Exemption (b)(6)** permits withholding of information about individuals in "personnel and medical files and similar files" if its disclosure "would constitute a clearly unwarranted invasion of personal privacy." In addition to personnel records and medical files, the term "similar files" encompasses all information that "applies to a particular individual." Dep't of State v. Washington Post Co., 456 U.S. 595, 599-603 (1982). This exemption requires that the privacy interests of the individual be balanced against the public interest in disclosure. Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). In examining whether there is a "public interest" in disclosure of certain information, the "public interest" must truly be in the interest of the overall public. Personal details pertaining to an individual are generally protected under this exemption.

**DOCUMENTS WITHHELD PURSUANT TO THE SIXTH EXEMPTION TO THE FOIA:**

1. DOL – Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation Form, dated November 5, 2015 (2 pages). Bottom of page 1, redacted signature of witness along with his address, city/state & zip code. The remainder of 2-page form is disclosed.

For a full description of the exemption codes used please find them at the following URL:

https://publicportalfoiapal.eeoc.gov/palMain.aspx



**Holy Cross Hospital**
2701 W 68th St
Chicago, IL 60629-1813
**(773) 884-9000**

2020 NOV 20 PM 3:12

CLERK
U.S. DISTRICT COURT

Date: 02/03/15
Account No: V00000153781
Unit No: 000958362
Patient: GONZALEZ,ELIZABETH
Location: HCEDSOUTH
Physician: Koehler,Jonathan MD

## Patient Visit Information

**You were seen today for:**

Suicidal ideation
Depression

### Staff

Your caregivers today were:

Physician:     Koehler,Jonathan MD
Practitioner:  Hughes,Rachel

### Patient Instructions Reviewed

.Suicide Resources

received 02/04/15 - 0403

### Follow-up

Please contact the following to make an appointment for follow-up care:

SMG Psychiatry-MSH Site
2653 West Ogden Ave 2nd Floor
Chicago, IL 60608
Phone: 773-257-6672     Fax: 773-257-5330
E-Mail: ***CALL TO MAKE/CONFIRM APPOINTMENT***
Web Url: IF YOUR INSURANCE REQUIRES PCP APPROVAL, CONTACT PCP FIRST!!!

Note:
To schedule a follow-up appointment, please  call
(773)257-6672
Walk-ins
Monday-Friday 9am-3pm
Entrance on Ogden & Washtenaw (SCI building)
building)"

Note: Your health care plan may require a referral from your primary care provider prior to
making an appointment.

**Rush University Medical Center**

1653 West Congress Parkway
Chicago, IL 60612
312-942-5000

**Elizabeth Gonzalez**
MRN: 6574628

Department: Emergency Room
Date of Visit: 11/5/2015

U.S. DISTRICT COURT

**PLEASE READ CAREFULLY**

You/Your significant other have received examination and treatment on an emergency basis. Contact your doctor or the physician we have referred you to within 24 hours to arrange for follow up care. Return to this facility if you have any problems, or are unable to contact your physician.

**Medication List**

**☰ Notice**

You have not been prescribed any medications.

**Follow-up Information.**

| Follow-up With | Details | Comments | Contact Info |
|---|---|---|---|
| Pulaski, Friend Family Hlth Ctr | In 2 days | | 5635 S Pulaski Rd Chicago IL 60629-4438 773-702-2193 |

**Your diagnosis was:**

Vertigo

**Other type of migraine without status migrainosus**

**You were seen by**

Gore, Katarzyna M, MD

Please remember to cancel or reschedule your appointment within 2 business days if you cannot make it.

**If you have trouble contacting this provider please contact us at:**

**Rush University Medical Center**
**1653 West Congress Park Way**
**Chicago, IL 60612**
**312-942-5000**

**Discharge References/Attachments**

DIZZINESS (ENGLISH)
HEADACHE, FAQS (ENGLISH)
MIGRAINE HEADACHE (ENGLISH)
VERTIGO (ENGLISH)

**PLEASE CALL TO SCHEDULE AN APPOINTMENT.**

As always, you are the most important factor in your recovery. Please follow these instructions carefully. If you have problems that we have not discussed, CALL OR VISIT YOUR DOCTOR RIGHT AWAY. If you can NOT reach your doctor, return to the emergency department.

**IF X-RAYS WERE TAKEN DURING THIS VISIT:**

Gonzalez 2016-0014-00279

## ELIZABETH GONZALEZ - Re: Reasonable Accommodation

**From:** RODNEY YELDER
**To:** ELIZABETH GONZALEZ
**Date:** 11/23/2015 7:19 PM
**Subject:** Re: Reasonable Accommodation

2020 NOV 20 PM 3: 20

CLERK
U.S. DISTRICT COURT

Elizabeth,

Basically, your doctor's statement should state your diagnosis and prognosis. He/she should also state the type of restrictions and accommodation you need.

>>> ELIZABETH GONZALEZ 11/23/15 9:24 AM >>>
Good morning, Rodney:

I have a couple questions regarding the medical support. Do I need to get specific paperwork from the EEOC to take to my doctor to fill out? Also, does my primary doctor have to fill out the paperwork or can my therapist do the paperwork?

Thank you.

>>> RODNEY YELDER 11/20/2015 12:42 PM >>>
Elizabeth, the process begins by completing the attached form and submitting it to me with medical support.

>>> ELIZABETH GONZALEZ 11/20/2015 1:22 PM >>>
Dear Mr. Yelder:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation but I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

## ELIZABETH GONZALEZ - Fwd: Scan from a Xerox WorkCentre

**2020 NOV 20  PM 3: 10**

**CLERK**
**U.S. DISTRICT COURT**

| | |
|---|---|
| **From:** | Yolonda Parks |
| **To:** | YELDER, RODNEY |
| **Date:** | 11/20/2015 2:24 PM |
| **Subject:** | Fwd: Scan from a Xerox WorkCentre |
| **CC:** | GONZALEZ, ELIZABETH |
| **Attachments:** | Scan from a Xerox WorkCentre |

Good Afternoon, How are you doing I'm sending this document up for Elizabeth. If you have any question please let me know. Have a Good Weekend. Thanks

Yolonda S. Parks
Management Support Specialist
U.S. Equal Employment Opportunity Commission
500 W.Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8081 Office
Yolonda.Parks@eeoc.gov

Gonzalez 2016-0014 00302

## ELIZABETH GONZALEZ - Re: Reasonable Accommodation

| | | |
|---|---|---|
| **From:** | RODNEY YELDER | **2020 NOV 20  PM 3: 09** |
| **To:** | GONZALEZ, ELIZABETH | CLERK |
| **Date:** | 11/20/2015 12:42 PM | U.S. DISTRICT COURT |
| **Subject:** | Re: Reasonable Accommodation | |

Elizabeth, the process begins by completing the attached form and submitting it to me with medical support.

>>> ELIZABETH GONZALEZ 11/20/2015 1:22 PM >>>
Dear Mr. Yelder:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation but I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

Gonzalez 2016-0014 00301

## ELIZABETH GONZALEZ - Reasonable Accommodation

**From:** ELIZABETH GONZALEZ
**To:** RODNEY.YELDER@EEOC.GOV
**Date:** 11/20/2015 12:22 PM
**Subject:** Reasonable Accommodation

2020 NOV 20  PM 3: 09

CLERK
U.S. DISTRICT COURT

Dear Mr. Yelder:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation but I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

Gonzalez 2016-0014 00300

reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day

2020 NOV 20   PM 3: 09

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

CLERK
U.S. DISTRICT COURT

Gonzalez 2016-0014 00299

## ELIZABETH GONZALEZ - Re: Reasonable Accommodation

**From:** CONSUELA CANTRELL    2020 NOV 20 PM 3: 09
**To:** ELIZABETH GONZALEZ
**Date:** 11/20/2015 12:01 PM    CLERK   U.S. DISTRICT COURT
**Subject:** Re: Reasonable Accommodation
**Attachments:** Rescheduling of the Webinar Training on the Reasonable Accommodation
Process

Good Afternoon Elizabeth,

Requests for Reasonable Accommodations are processed through the Office of the Chief
Human Capitol Officer (OCHCO); who may in turn contact your Supervisor for additional
information. There is an upcoming webinar on how the process works that you might want to
take (see attached). For now, check out the information on InSite, under the Office of the
Chief Human Capitol Officer (OCHCO), then "Reasonable Accommodation" under the
Featured Items list. To get the process started, you have to send an email in to the RA
contact's mailbox (listed on InSite). You may want to bring your Supervisor into the loop, but
it is not required up front. You may also be required to provide medical documentation to
support your request. The Disability Program Manager will contact you and let you know
details once you have submitted your request. For further reading, Order 560.003
covers EEOC's Reasonable Accommodation Program and can also be found on InSite.

Let me know if you have any other questions or if I can be of any further assistance.

Sincerely,

*Consuela*

Consuela J. Cantrell
Management Support Specialist
Equal Employment Opportunity Commission
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone # (314) 539-7837
Fax # (314) 539-7893

*This electronic transmission may contain FOR OFFICIAL USE ONLY information. Please do not release without the consent of the originator's office.
If you received this message in error, please notify the sender by reply e-mail and delete all copies of the message.*
>>> ELIZABETH GONZALEZ 11/20/2015 11:56 AM >>>
Dear Ms. Cantrell:

I'm an EEOC federal employee from the Chicago District Office. I need to request a

Gonzalez 2016-0014 00288

## ELIZABETH GONZALEZ - Reasonable Accommodation

| | | |
|---|---|---|
| **From:** | ELIZABETH GONZALEZ | |
| **To:** | disabilityprogram@eeoc.gov | **2020 NOV 20  PM 3: 09** |
| **Date:** | 11/20/2015 11:48 AM | |
| **Subject:** | Reasonable Accommodation | CLERK |
| | | U.S. DISTRICT COURT |

To whom it may concern:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

(11/20/2015) ELIZABETH GONZALEZ - Re: Reasonable Accommodation (Out of Office)                    Page 1

**From:**      SYLVIA SMITH
**To:**        ELIZABETH.GONZALEZ@EEOC.GOV
**Date:**      11/20/2015 11:43 AM
**Subject:**   Re: Reasonable Accommodation (Out of Office)

I will be out of the office until Monday November 30. If you need immediate assistance with FOIA please contact Garry Stevens at Garry.Stevens@eeoc.gov or Sherlyn.metzler@eeoc.gov. If you need immediate assistance with anything else, please contact Consuela.Cantrell@eeoc.gov I will respond to your email as soon as possible upon my return.

11 | 20 | 2015
Emailed Consuela.Cantrell @ eeoc.gov

## ELIZABETH GONZALEZ - Reasonable Accommodation

| | |
|---|---|
| **From:** | ELIZABETH GONZALEZ |
| **To:** | SYLVIA.SMITH@EEOC.GOV |
| **Date:** | 11/20/2015 11:43 AM |
| **Subject:** | Reasonable Accommodation |

2020 NOV 20  PM 3: 08

CLERK
U.S. DISTRICT COURT

Dear Ms. Smith:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312)353-8972

Case: 1:20-cv-07121 Document #: 1 Filed: 11/20/20 Page 40 of 50 PageID #:40
(11/20/2015) ELIZABETH GONZALEZ - Re: Reasonable Accommodation (Out of Office)

Page 1

**From:** DONNA WALTON
**To:** ELIZABETH.GONZALEZ@EEOC.GOV
**Date:** 11/20/2015 11:28 AM
**Subject:** Re: Reasonable Accommodation (Out of Office)

I am away from the Office November 01 thru 27th. I will reply to all inquiries upon my return.

Donna R. Walton, EdD

Donna R. Walton, EdD
Miami Office Program Analyst
Equal Employment Opportunity Commission
Miami District Office
100 SE Second Street
Miami, Florida 33131
Telephone: 305-808-1764
Fax: 305-808-1834
donna.walton@eeoc.gov

"Excellence must be the result of caring more than what other people think is wise; risking more than what other people think is safe; dreaming more than what other people think is practical, but moreover is expecting more than what other people think is possible."

- V. Lombardi

_____

****************************************************************

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

>>> ELIZABETH GONZALEZ 11/20/15 12:28 >>>

Dear Dr. Walton:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000

**STAN PIETRUSIAK**

2020 NOV 20 PM 3: 08

From:          JULIANNE BOWMAN <JULIANNE.BOWMAN@EEOC.GOV>
Sent:          Monday, November 16, 2015 11:05 PM
To:            RODNEY YELDER, STEVEN SCHUSTER
Subject:       Need some help and advice...

We have a probationary employee whose year is up on December 1st. She is a good employee but due to some very serious personnel issues and possibly ADA issues, her attendance began to seriously falter about half way through her probationary period. We have discussed her attendance and the possible consequences with her more than once. It got better for awhile and then took a downward turn. Management is talking to her again tomorrow about her circumstances and what we might do to assist. I am wondering a couple of things. First, is there any way to suggest that an ADA accommodation be that her probationary period be extended (assuming that was a reasonable accommodation that made sense)? When she is in the office, she does good work, and we would like to try some other avenues to see if she can get her attendance under control. If we could get an extension, we might want to consider moving her into another position temporarily to see if that helped. We might also want to consider offering her part time employment if that would be of assistance. If you have any thoughts or advice, please let me know as soon as you can as the last day of her probationary period is fast approaching.

Julianne Bowman
District Director, Chicago District
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Telephone: (312) 869-8111
Fax: (312) 869-8041
julianne.bowman@eeoc.gov

1

## JOEL MILLAN - IIR

**From:** PATRICIA JARAMILLO
**To:** BOWMAN, JULIANNE, IRVIN, TYRONE
**Date:** 11/17/2015 9:36 PM
**Subject:** IIR

Spoke to Elizabeth this afternoon. It was not very productive. I told her she was a probationary employee and we were concerned with her attendance. She was very surprised by the conversation and did not see it coming. She did say that Tyrone may have had a previous conversation with her, but she doesn't remember. She asked me if she was going to be fired. I said we had not made that decision and I was talking to her so see what was going on with her attendance and possible solutions or alternatives. She said she did not know. She doesn't want to be part time. Her job is not stressing her out. She did say that she has been out due to health reasons and issues with her son. She volunteered that she gets migraines headaches and being on the phone all day doesn't help her migraines. I asked her if there was anything we could do about that and she said that she has worked it out with Ken to turn the lights down that helps. I ask her if she had the information for the ADA coordinator and told her that either I or Tyrone would give it to her. She asked if she could work from home when she gets the migraines. I asked her how with that work with her son in her house and her having the migraines. This is when she volunteered that her son had moved out two or two and half weeks ago. If she has migraines how would working from home help her.

**STAN PIETRUSIAK**     <u>2020 NOV 20  PM 3: 07</u>

From:        STEVEN SCHUSTER RSTEVEN.SCHUSTER@EEOC.GOV>
Sent:         Wednesday, November 25, 2015 3:06 PM
To:            PATRICIA JARAMILLO
Cc:           JULIANNE BOWMAN
Subject:    Re: Fwd: Reasonable Accommodation

OK, keep me posted.

>>> PATRICIA JARAMILLO 11/25/2015 2:42 PM >>>
She refuses to sign and asking us to allow her to resign. I agreed. Jose is telling us that we are not accommodating her and he is trying to avoid problems. Union's issue is that we terminated two people before the probationary period and we didn't put it in writing back when Tyrone had the conversations with her . He still here and we are waiting for her resignation letter.

>>> STEVEN SCHUSTER 11/25/2015 1:39 PM >>>
Right, you have to decide whether its worth it to go forward when she has alleged a disability. Now, she may not have provided medical documentation and she may not be disabled. There may be no effective accommodation. But, this is out there, and if she goes past December 1, she's no longer probationary.

>>> PATRICIA JARAMILLO 11/25/2015 2:31 PM >>>
We are just getting this now.  WE are supposed to meet at 1:30 to discharge her.

1

**STAN PIETRUSIAK**

2020 NOV 20  PM 3:07

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **From:** | TYRONE IRVIN <TYRONE.IRVIN@EEOC.GOV> |
| **Sent:** | Friday, November 06, 2015 5:54 PM |
| **To:** | JULIANNE BOWMAN |
| **Cc:** | PATRICIA JARAMILLO |
| **Subject:** | Meeting concerning IIR Elizabeth Gonzalez |

In the past three weeks she has improved her attendance as it pertains to LWOP, but she arrives about 15 minutes late a day. She has not taken LWOP since 10/14/2015. Prior to that it was at least three days a week sometimes more. I have not had a conversation with Elizabeth since probably August about the taking of LWOP. I just wanted to update you to so that we can decide see if this latest improvement is acceptable or if we should still be considering other options.

Are you available Monday or Tuesday to discuss?



**Tyrone Irvin**
**Enforcement Supervisor**
**U.S. Equal Employment Opportunity Commission**
**500 W. Madison Street, Suite 2000**
**Chicago, Illinois 60661**
**312-869-8020 (Direct)**
**312-869-8077 (Fax)**
**312-869-8170 (Intake Fax)**

1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001

2020 NOV 20 PM 3: 07

TO:        Elizabeth Gonzalez, Intake Information Representative
                                               CLERK
                                        U.S. DISTRICT COURT

FROM:    Tyrone Irvin, Enforcement Supervisor

SUBJECT:   Termination During Probationary Period

DATE:       November 25, 2015

This is to inform you that your employment as an Intake Information Representative (IIR), GS-05, in the Chicago District Office will be terminated effective close of business on November 30, 2015. This action is being taken because you failed to maintain a regular work schedule in your position. Specifically, you have excessive unscheduled absences from work. This action is in accordance with 5 CFR 315.804.

Your employment as an IIR with the Commission began on December 1, 2014. Your attendance was acceptable until approximately May of 2015. Since that time, however, you have frequently been absent from work. Specifically, you have used 252.30 hours leave without pay (LWOP) beginning in March of 2015 (Pay period 8) through November of 2015 (Pay period 25). You have also used 96.00 hours of annual leave and 95.45 hours of sick leave to cover your absences. In each pay period since March of 2015, you have used some combination of annual leave, sick leave and/or LWOP to cover your absences. In pay period 19 of this year, you used 62 hours of LWOP, which was more than 50% of your time for that pay period. In July of 2015 and again in August of 2015, I had conversations with you pertaining to your frequent absences from work and the possibility that you could be discharged as a probationary employee if your attendance did not improve. During those conversations, you informed me that your absences were caused by stress from events in your private life. I directed you to EAP and the ADA Reasonable Accommodation Coordinator in Headquarters in an attempt to alleviate stress and improve your attendance. I have not been contacted by either program since our last discussion. The Enforcement Manager, Patricia Jaramillo, had a conversation with you in November of 2015 concerning your attendance issues. According to Ms. Jaramillo, the solutions discussed were not feasible, nor did you indicate you would attempt to improve on your attendance at work.

I have counseled you on various occasions on the necessity for you to improve your attendance at work. Despite attempts to get you to improve your attendance, you continued to be absent from work. Your absences have negatively impacted the operations of the office. There are only three (3) other IIRs and they have had to assume your duties in addition to their regular responsibilities when you are absent. Notwithstanding the fact that these absences have been approved (LWOP is considered a temporary, non-pay status requested by the employee and authorized at the discretion of the Agency) and may have been for reasons beyond your control, the position you occupy needs to be filled by someone who is available for duty on a regular, full-time basis, and is able to maintain a regular work schedule which you have failed to do since May of 2015. As a result, I find you are unsuitable for federal service due to your failure to

maintain a regular work schedule in your position, and your termination will promote the efficiency of the federal service.

If you believe that your termination is due to partisan political reasons or marital status, you may appeal this action to the Merit Systems Protection Board (MSPB). Your appeal must be filed within thirty (30) days from the effective date of your termination to the Regional Director, MSPB, at 230 South Dearborn Street, 31st Floor, Chicago, Illinois. Your appeal must be in writing and give the reasons for contesting your removal.

If you believe this action is due to discrimination, you may file an EEO complaint with EEOC's Office of Equal Employment Opportunity at 131 M Street, NE, 6th Floor, Washington, DC, within 45 days of the date of this action.

Any Agency materials you possess, including but not limited to work products and keys should be returned to me by close of business on November 30, 2015.

If you have any questions about this notice, you may direct them to Steven H. Schuster, Attorney Advisor in the Office of the Chief Human Capital Officer, on 202-663-4557.

ACKNOWLEDGEMENT OF RECEIPT:

_____          _____
Elizabeth Gonzalez                                            Date

## ELIZABETH GONZALEZ - Reasonable Accommodation

**From:** ELIZABETH GONZALEZ
**To:** JULIANNE BOWMAN; PATRICIA JARAMILLO; TYRONE IRVIN
**Date:** 11/25/2015 1:28 PM
**Subject:** Reasonable Accommodation
**CC:** JOSE ROMO; KIMBERLY ENGRAM; PATRICK DeWOLF; RODNEY YELDER; STEPHANIE...

Dear Ms. Bowman, Ms. Jaramillo and Mr. Irvinn:

I wanted to inform you today, that I am suffering from two medical conditions that are disabilities that I have been trying to deal with for the past year. In August 2015, I informed Mr. Irvin that I was suffering from depression and that I sometime had a hard time getting out of bed. Also, that I am in a domestic violence situation. I also informed him that I was seeking medical help and therapy and he informed me that I shouldn't worry about it since there were laws that protected me.

The restroom renovations and the dust it created got me sick and I had to be transported to the hospital from the EEOC Chicago District Office and Mr. Irvin was a witness to that fact. I was subsequently diagnosed with Vertigo which caused me to miss some work days.

At no point have I ever received any type of counseling or reprimand of any kind and now I have been threatened with being made a part time employee or termination.

I have already requested a reasonable accommodation at EEOC Headquarters and I am in touch with the ADA Coordinator at EEOC Headquarters. To make sure that my request is heard, I am hereby requesting a reasonable accommodation from all three of you. I would request that I be allowed to work at home on those days that I cannot get my depression or vertigo under control and have to stay home. This should not be an issue since the EEOC has the capability of allowing IIR's to work from home as evidence by several recent hires that strictly working from home. As an alternative I would at the very least request intermittent FMLA leave. Mr. Irvin has never offered me any type of counseling or help of any kind regarding disability or FMLA paperwork.

I would assume that you would treat me as any other employee that is entitled to ADA or FMLA protections and my status as a probationary employee is not a condition of being entitled to these protections.

Thank you for your assistance,

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661

**JOEL MILLAN**

| | |
|---|---|
| From: | ELIZABETH GONZALEZ <ELIZABETH.GONZALEZ@EEOC.GOV> |
| Sent: | Tuesday, November 24, 2015 9:45 AM |
| To: | RODNEY YELDER |
| Subject: | Re: Reasonable Accommodation |

Good morning, Rodney:

Ok, great.

Thank you.

>>> RODNEY YELDER 11/23/2015 7:19 PM >>>
Elizabeth,

Basically, your doctor's statement should state your diagnosis and prognosis. He/she should also state the type of restrictions and accommodation you need.

>>> ELIZABETH GONZALEZ 11/23/15 9:24 AM >>>
Good morning, Rodney:

I have a couple questions regarding the medical support. Do I need to get specific paperwork from the EEOC to take to my doctor to fill out? Also, does my primary doctor have to fill out the paperwork or can my therapist do the paperwork?

Thank you.

>>> RODNEY YELDER 11/20/2015 12:42 PM >>>
Elizabeth, the process begins by completing the attached form and submitting it to me with medical support.

>>> ELIZABETH GONZALEZ 11/20/2015 1:22 PM >>>
Dear Mr. Yelder:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation but I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

1

GONZALEZ 2016 0014 REVISED ROI 417

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | STEVEN SCHUSTER <STEVEN.SCHUSTER@EEOC.GOV> |
| **Sent:** | Tuesday, November 24, 2015 4:54 PM |
| **To:** | PATRICIA JARAMILLO; TYRONE IRVIN |
| **Subject:** | Re: Fwd: Elizabeth Gonzalez Leave |

Lets talk tomorrow. I got her leave records from PP 8 to the present. <u>I am OK with removal, but there is an issue with reasonable accommodation - she has contacted the DRM</u>, but has not submitted any documentation to demonstrate disability. If Tyrone is out tomorrow, then PJ, call me and we can discuss next steps.

>>> TYRONE IRVIN 11/24/2015 4:44 PM >>>
Attached is Elizabeth Gonzalez leave record

1

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | PATRICIA JARAMILLO <PATRICIAJARAMILLO@EEOC.GOV> |
| **Sent:** | Wednesday, November 25, 2015 2:42 PM |
| **To:** | STEVEN SCHUSTER |
| **Cc:** | JULIANNE BOWMAN |
| **Subject:** | Re: Fwd: Reasonable Accommodation |

She refuses to sign and asking us to allow her to resign. I agreed. Jose is telling us that we are not accommodating her and he is trying to avoid problems. Union's issue is that we terminated two people before the probationary period and we didn't put it in writing back when Tyrone had the conversations with her . He still here and we are waiting for her resignation letter.

>>> STEVEN SCHUSTER 11/25/2015 1:39 PM >>>
Right, you have to decide whether its worth it to go forward when she has alleged a disability. Now, she may not have provided medical documentation and she may not be disabled. There may be no effective accommodation. But, this is out there, and if she goes past December 1, she's no longer probationary.

>>> PATRICIA JARAMILLO 11/25/2015 2:31 PM >>>
We are just getting this now. WE are supposed to meet at 1:30 to discharge her.

1

GONZALEZ 2016 0014 REVISED ROI 443